# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JUDE E. NAZARETH, BAR NO. 10695

No. 85325

FILED

NOV 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Jude E. Nazareth be suspended from the practice of law for six months for violating RPC 1.1 (competence), RPC 1.2 (scope of representation and allocation of authority between client and lawyer), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), and RPC 8.1 (Bar admission and disciplinary matters).

Nazareth and the State Bar originally entered into a conditional guilty plea agreement in which Nazareth admitted to the facts and violations alleged in the disciplinary complaint. The hearing panel rejected the parties' agreed-upon discipline—a stayed six-month suspension—and instead recommended an actual six-month suspension. At the hearing, Nazareth accepted this change to the agreed-upon discipline. Under these circumstances, we treat as admitted the facts and above-listed violations.[1] The record therefore establishes that he violated the above-

_____

[1]In future cases where an attorney accepts the hearing panel's proposed change to a conditional guilty plea agreement, best practices would be for the State Bar and the attorney to enter into an amended

SUPREME COURT
OF
NEVADA

(O) 1947A

cited rules by failing to perform work for two clients, including appearing at a court hearing and filing documents; failing to keep the clients apprised of the status of their cases or otherwise respond to client communications; and failing to respond to State Bar inquiries.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Nazareth admitted that he knowingly violated duties owed to clients and to the profession. Two clients suffered injury and further potential injury when Nazareth failed to diligently complete the work for which they hired him.[2] Further, his actions caused harm to the legal profession. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is disbarment. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.41 (Am. Bar Ass'n 2018) (providing that disbarment is appropriate "when a lawyer abandons the practice," "knowingly fails to perform services for a client," or "engages in a pattern of neglect with respect to client matters," causing "serious or potentially serious injury to a client"). The record supports the panel's findings of two

conditional guilty plea agreement reflecting those changes that becomes part of the record submitted to this court pursuant to SCR 113.

[2]Nazareth fully refunded one of the clients.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

aggravating circumstances (substantial experience in the practice of law and multiple offenses) and four mitigating circumstances (absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal problems, and remorse for his actions). Considering all four factors, we conclude that the discipline agreed upon at the discipline hearing is appropriate.

Accordingly, we hereby suspend Jude E. Nazareth for six months commencing from the date of this order. Nazareth shall also pay the costs of the disciplinary proceedings, including $1,500 under SCR 120, within 30 days from the date of this order, if he has not done so already.[3] The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[4]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:  Chair, Southern Nevada Disciplinary Board
     The Augustus Firm
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court

---

[3]While SCR 120 provides that costs for a suspension are $2,500, Nazareth and the State Bar agreed to limit such costs to $1,500 for this matter.

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.